## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| **BRANNDON MANSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **NO. 7:15-CV-0157-HL-TQL** |
| **VS.** | : | |
| | : | |
| **Warden MARTY C. ALLEN, et al,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

Plaintiff Brannon Manson, a prisoner confined at Valdosta State Prison in Valdosta, Georgia, filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983. After a review of his submissions, the undersigned ordered Plaintiff to both supplement his Complaint and provide the documentation necessary to establish his indigency. *See* Order, August 20, 2015 (ECF No. 4). Plaintiff was allowed twenty-one days to comply with the Court's Order and was warned that a failure to comply may result in dismissal of his Complaint. *Id*. Plaintiff thereafter filed a Motion for Preliminary Injunction, but failed to respond to the Magistrate Judge's order to supplement. The Magistrate Judge thus ordered Plaintiff to respond and show cause why his lawsuit should not be dismissed for failure to comply with an order of the Court. *See* Order, Oct. 15, 2015 (ECF No. 6). Plaintiff was again given twenty-one days to respond and advised that failure to do so would result in the immediate dismissal of his Complaint. *Id.*

The time for filing a response to the show cause order has now passed, *see id.*, and Plaintiff has again failed to respond or otherwise comply with an order of the Court. Because of this failure, Plaintiff's Complaint shall now be **DISMISSED WITHOUT PREJUDICE**.  *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahasse Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978)).

To the extent that the Court is obligated to rule on Plaintiff's Motion for Preliminary Injunction (ECF No. 5), that Motion is **DENIED**.  Plaintiff's Motion essentially asks the Court to order Defendants to release him from administrative segregation.  This type of relief must be sought in a habeas action and cannot be granted under § 1983.  *See generally Heck v. Humphrey*, 512 U.S. 477, 481 (1994).  *See also Hartley v. Ellis*, 2012 WL 4378013, at * 1 (M.D. Fla. Sept. 25, 2012) (quoting *Krist v. Ricketts*, 504 F.2d 887, 887–88 (5th Cir. 1974)).  Also, at this stage, Plaintiff has failed to show either a "substantial likelihood of success on the merits" or that he will suffer an irreparable injury in the absence of an injunction – as is required for a preliminary injunction to issue.  *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994).

**SO ORDERED**, this 15th day of December, 2015.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE